FRED CICCONE, PLAINTIFF-APPELLEE, v. JACOB CHESNER, DEFENDANT-APPELLANT.

Decided November 4, 1929.

Before Justices Trenchard, Kalisch and Lloyd.

For the appellant, *Abraham Henig.*

For the appellee, *Anthony F. Minisi.*

Per Curiam.

The defendant-appellant appeals to this court from a judgment entered in the District Court, for the plaintiff, against the former for $205. The case was tried before the court, sitting without a jury. The state of the case, settled by the court, is as follows:

"The action was in contract and to recover damages as alleged in the state of demand, $205 for the non-payment of rent for the months of January and February, 1928, for a store and four rooms in the rear thereof, and premises known as No. 421 Central avenue, city of Newark, county of Essex and State of New Jersey, in pursuance to a certain lease dated January 30th, 1923. The case was tried without a jury."

"On part of the plaintiff the evidence was: The plaintiff was the owner of premises known as No. 421 Central avenue, in the city of Newark, county of Essex and State of New Jersey; that on January 30th, 1923, a written lease was entered into between the plaintiff and one Nathen Wagman for the lease of a store and four rooms in the rear of said store in the premises above mentioned. Said lease was assigned from time to time, and that on February 20th, 1926, the said lease was assigned to the defendant, Jacob Chesner, with the consent of the plaintiff. The defendant, on the last mentioned date, paid the rent of said premises to the plaintiff. On January 13th, 1925, a new condition of the lease was entered into, whereby the lessee agreed to pay the sum of one hundred ($100) dollars, for three years, up and until February 1st, 1928, and the sum of one hundred and five ($105) dollars per month on and after February 1st, 1928. That rent was paid at the time by the defendant, and at times by Harry Gross, the son-in-law of the defendant, but with the

checks of the defendant. The son-in-law and daughter of the defendant occupied said premises, and the defendant was frequently about the premises, but did not live in the premises."

"On or about January 1st, 1928, the premises were vacated, and remained vacant for the months of January and February, 1928."

"On part of the defendant the evidence was: That the lease was transferred to Harry Gross, son-in-law of the defendant, and a bill of sale of the business which had been purchased by the defendant was made by the defendant to his said son-in-law. The defendant denied the rent was paid with his checks. The son-in-law of the defendant testified he conducted the business at the above address, and that the lease was assigned to him by the father-in-law, and that he, the son-in-law, paid the rent with his own checks, and that the defendant did not have anything to do with the business conducted in said premises."

"I found that as a fact that the rent was paid from time to time with the checks of the defendant, and that the assignment of the lease by the defendant to his son-in-law was not consented to by the plaintiff, and that the plaintiff had no knowledge of said assignment."

On the facts as stated, judgment was given in favor of the plaintiff, against the defendant.

There are two grounds urged in the brief of counsel of appellant for a reversal of the judgment, neither of which seems to possess any merit.

The first point is, that the lease upon which plaintiff's action was based, had been assigned by the defendant-lessee to his son-in-law, Harry Gross, and, therefore, the privity of estate and liability for rent under the lease, accruing thereafter ceased, insofar as the assignor is concerned. But this contention rests upon the assumption that there was an assignment, by the assignor, of the lease, to Gross, the son-in-law, with the consent of the assignor's landlord, and the trial judge having found as a fact there was no such assignment, and no such consent, his finding on the factual question is

not reviewable here, since such finding derives support from the testimony.

The only other point argued in appellant's brief is, that the finding of the trial judge is against the weight of the evidence. This is not reviewable. As has been indicated, there is no merit in either contention of appellant's counsel, and the judgment therefore is affirmed, with costs.